UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81145-CIV-MARRA

LION LIFE, LLC, and its successor
LION LIFE, INC., a Florida for profit corporation,

    Plaintiff,

vs.

REGIONS BANK, a foreign for profit corporation,

    Defendant.
_____/

**Opinion and Order Granting Motion to Dismiss**

This cause is before the Court upon Defendants' Motion to Dismiss. (DE 4). No response was filed. The Court has carefully considered the motion and is otherwise fully advised in the premises.

**I.**

On August 3, 2007, Plaintiff Lion Life, LLC ("Lion Life" or "Plaintiff") requested that Defendant Regions Bank ("the Bank") send a wire transfer of $5,000.00 from Plaintiff's checking account to Plaintiff's landlord ("the Landlord"), located in Curacao, Netherlands Antilles. Plaintiff notified the Bank that the $5,000.00 was to pay its rent, and if it was not paid, Plaintiff would default on its rental agreement with the Landlord. Although the Bank debited $5,000.00 from Plaintiff's account, the Landlord never received the funds.

After the unsuccessful wire transfer, Plaintiff sent several letters to both the Bank and the Landlord to determine why the Landlord did not receive the funds. On October 3, 2007, Plaintiff

notified the Bank that the Landlord closed Plaintiff's office in the Netherlands Antilles and seized all of the property in the office for Plaintiff's failure to pay rent. Plaintiff claims to have suffered $183,077.54 in damages, caused by the closing of its office and the confiscation of its property by the Landlord for Plaintiff's failure to pay rent.

Plaintiff brought this action against the Bank for breach of contract (Count I) and negligence (Count II) on August 10, 2012 in state court . The Bank removed the state court action to this Court based on the existence of diversity jurisdiction under 28 U.S.C. § 1332(a). (DE 1). The Bank now moves to dismiss Plaintiff's claims on the basis that they are barred under the applicable statutes of limitations. (DE 4).

## II.

A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is facially apparent that the claim is time barred. *See Baker v. Sanford*, No. 11-14015-Civ, 2012 WL 1994602, at *1 (11th Cir. 2012) (citing *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1278 (11th Cir. 2005). In this respect the Court will consider all attached exhibits as part of the complaint. Fed. R. Civ. P. 10(c); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007).  Dismissal is not appropriate when the complaint's allegations plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *See James River Ins. Co. v. Ground Down Eng'g Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The standard for dismissal on statute of limitation grounds is met if the complaint establishes the last possible date the claim accrued, and the complaint is filed outside the statutory period. *See Foster v. Savannah Commc'n*, 140 F. App'x 905, 907–08 (11th Cir. 2005).

### III.

Count I of Plaintiff's complaint alleges that the Bank breached a written contract by failing to send the $5,000.00 to the Landlord. (DE 1). Florida law provides a five year statute of limitations on a claim for breach of a written contract. Fla. Stat. §95.11(2)(b). In Florida, under a breach of contract suit, the cause of action accrues and the statute of limitations begins to run when the last element giving rise to the cause of action takes place. *See* Fla. Stat. § 95.031(1) (2003); *BDI Constr. Co. v. Hartford Fire Ins. Co.*, So. 2d 576, 578 (Fla. Dist. Ct. App. 2008).

The elements required for breach of contract are: (1) a valid contract; (2) a material breach; and (3) damages. *See Abbott Labs., Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. Dist. Ct. App. 2000). Since at least nominal damages are sustained at the time of the breach of contract, all the elements necessary for a cause of action to accrue are present at the time of the breach. *Id.* The plaintiff's awareness of the breach is immaterial. *See Abecassis v. Eugene M. Cummings, P.C.*, 467 F. App'x 809, 812 (11th Cir. 2012) (Citing to *Abbott Labs., Inc.*, 765 So. 2d at 740) ("[T]he limitation period in [Fla. Stat. §] 95.11(2)(b) is not tolled by the lack of discovery of a breach within the limitation period[,] ... actions for breach of contract are barred five years after the cause of action accrued regardless of whether the plaintiff knew it had a claim."); *Potiker v. Gasiunasen Gallery*, No. 09-82356-CIV, 2010 WL 249943, at *2 (S.D. Fla. July 26, 2010) (dismissing Florida breach of contract action filed more than five years after the breach occurred, despite plaintiff not becoming aware of the breach until 17 years later.).

Plaintiff filed its complaint on August 10, 2012. Plaintiff's cause of action accrued on August 3, 2007, the day of the unsuccessful wire transfer. Complaint at ¶ 9. Thus, the five year statute of limitations period expired on August 3, 2012, and Plaintiff's complaint is time-barred pursuant to

Florida Statute § 95.11.

## IV.

Count II of Plaintiff's complaint alleges that the Bank acted negligently during the unsuccessful wire transfer of the $5,000.00 from Plaintiff's account to the Landlord. Complaint at ¶ 35. Florida law provides a four year statute of limitations on claims for negligence. Fla. Stat. § 95.11(3)(a). The limitation period begins to run from the date when "the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1). In a negligence action, the last element occurs when a plaintiff has knowledge, or should have knowledge of the facts giving rise to his cause of action. *See Kelley v. Sch. Bd.,* 435 So. 2d 804, 806 (Fla. 1983) ("As a general rule, a statute of limitations begins to run when there has been notice of an invasion of legal rights or a person has been put on notice of his right to a cause of action."); *Brietz v. Lykes-Pasco Packing Co.*, 561 So. 2d 1204, 1205 (Fla. Dist. Ct. App. 1990) ("The running of the limitations period began under these circumstances when plaintiff had "notice of the possible invasion of [his] legal rights"). It is not necessary that all damages have been sustained for a cause of action to accrue. *See Kellermyer v. Miller*, 427 So. 2d 343, 346 (Fla. Dist. Ct. App. 1983) (citing *City of Miami v. Brooks*, 70 So. 2d 306 (Fla. 1954)) ("the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date.").

At the latest, Plaintiff became aware of the facts giving rise to its cause of action on October 3, 2007, when it sent a letter to the Bank alerting it that its office in the Netherlands Antilles was closed and its property had been seized by the Landlord for failure to pay rent. (DE 1) (Exhibit C). Plaintiff's statements in that letter give a clear indication that it was aware that the $5,000.00 had not been received by the Landlord, that the Bank had been unable to locate the funds since the day of the

unsuccessful wire transfer, and that its property had been seized as a result of the missing funds. Plaintiff's letter demonstrates that it had sufficient knowledge of the facts to be aware of a potential cause of action against the Bank.

Plaintiff filed its complaint on August 10, 2012. Plaintiff's cause of action accrued at the latest on October 3, 2007, the day Plaintiff notified the Bank of the seizure of its property. Thus, the four year statute of limitations period expired on October 3, 2011. And Plaintiff's complaint is time-barred pursuant to Florida Statute § 95.11.

## V.

For the reasons stated above, both counts of Plaintiff's complaint are dismissed because they are time-barred by the applicable statute of limitations.[1] Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 4) is **GRANTED.** Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED** as moot. The clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of May, 2013.

                                                      KENNETH A. MARRA
                                                     United States District Judge

---

[1] The Court notes that it entered an order to show cause on December 18, 2012, ordering Plaintiff to respond to Defendant's motion to dismiss or show cause why it should not be granted. (DE 8). Plaintiff's failure to respond provides additional justification for dismissing this claim.